Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
Email: tom@polis-law.com

Counsel for Plaintiff, TTW Transport, Inc.

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| **In re** | **Case No. 8:24-bk-10559-SC** |
| **TTW Transport, Inc.,** | **Chapter 11** |
| **Debtor/Debtor-in-Possession.** | **Adv.Proc.No.: 8:24-ap-01074-SC** |
| **TTW Transport, Inc.,** | **PLAINTIFF TTW TRANSPORT, INC.'S SUPPLEMENTAL RESPONSE TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, INC., EDGAR I. REYNAGA, AND REYNAGA TRUCKING, INC.'S FIRST SET OF INTERROGATORIES** |
| **Plaintiff,** | |
| **v.** | |
| **David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.; Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual,** | |
| **Defendants.** | |

**PROPOUNDING PARTY:    Defendants, David Revolorio, Elite Container Solutions, Inc,**

**Edgar I. Reynaga, Reynaga Trucking, Inc.**

**RESPONDING PARTY:    Plaintiff, TTW Transport, Inc.**

**SET NO.:    One**

1

## INTRODUCTORY STATEMENT

2      Each of the referenced responses contained herein is made solely for the purposes of

3   this action. Each response is subject to all objections as to competence, relevance, materiality,

4   propriety, and admissibility, all of which objections and grounds are reserved and may be

5   interposed at the time of trial. Plaintiff, TTW Transport, Inc. ("Plaintiff" or "Responding Party"),

6   reserves the right to make changes to these responses if it appears that omissions or errors

7   have been made herein or that further or more accurate information becomes available. No

8   incidental or implied admission is intended herein. The fact that Plaintiff has responded to all

9   or any part of the Interrogatory is not intended and shall not be construed to be a waiver by

10   this response of Plaintiff of all or any part of the objections to the Interrogatory.

11      Because the responses contained herein are based only upon such information and

12   documents which are presently available to or specifically known to the Responding Party, the

13   responses herein are those which presently occur to the Responding Party. Moreover, the

14   responses herein are expressly responding to facts presently known to Plaintiff, and such

15   responses shall not constitute an admission as to the knowledge of Plaintiff; such present

16   knowledge may have been learned by Plaintiff as a result of documents provided in this

17   litigation or independent research obtained by Plaintiff, at or about the time the above-

18   captioned litigation was commenced. It is anticipated that further discovery will supply

19   additional facts and meaning to known facts, as well as establish entirely new factual

20   conclusions and legal contentions, all of which may lead to substantial additions to, changes

21   in, and variations from the responses set forth herein. The following responses are given

22   without prejudice to the right of Plaintiff to produce evidence of any subsequently discovered

23   fact or document which this Responding Party may later discover. Accordingly, Plaintiff

24   specifically reserves the right to (but does not obligate itself to) supplement any and all

25   responses herein as additional facts are ascertained, analyses are made, legal research is

26   completed, and contentions are investigated.

27   ///

28   ///

1  This **INTRODUCTORY STATEMENT** shall apply to each and every response given

2  herein, and shall be incorporated by reference as though fully set forth in each of the

3  responses appearing in the following pages. The Responding Party objects to each

4  Interrogatory in that each Interrogatory is compound, conjunctive and disjunctive, and

5  therefore violates governing code provisions. Without waiving said objections, and subject

6  thereto, this Responding Party states as follows:

7  **PLAINTIFF, TTW TRANSPORT, INC.'S SUPPLEMENTAL RESPONSE TO**

8  **DEFENDANTS' INTERROGATORIES SET NO. ONE**

9  **INTERROGATORY NO. 1:**

10  Identify all facts evidencing YOUR allegation in ¶ 21 of YOUR COMPLAINT:

11  "*Defendant, David Revolorio and a group of his subordinates all Defendants herein, who were*

12  *also former employees of the Plaintiff-Debtor, TTW, all created a competing business while*

13  *still employed by the Debtor.*"

14  **RESPONSE TO INTERROGATORY NO. 1:**

15  On or about April 27, 2020, the Articles of Incorporation was filed with the California

16  Secretary of State, by Defendant, Elite Container Solutions, Inc.  Plaintiff is informed that

17  Defendant, David Revolorio is the principal for Defendant, Elite Container Solutions, Inc.

18  Furthermore, the Articles of Incorporation for Defendant, Elite Container Solutions listed an

19  address in Orange, California for a property owned by Defendant, Edgar Reynaga.  Moreover,

20  Defendant, David Revolorio utilized the services of a lawyer, Miles L. Kavaller for legal advice

21  related to Defendant, Elite Container Solutions.  Yet, Plaintiff, TTW, unknowingly, through the

22  fraudulent conduct, paid the invoices for the legal services of attorney, Miles Kavaller.  Plaintiff,

23  TTW Transport, Inc. will also be producing a substantial number of emails and related

24  documents on or before August 27, 2024 as ordered by the Court that details additional facts

25  that support Plaintiff's allegations in ¶ 21.  The incriminating emails and related documents will

26  be presented in an organized platform that will allow easy reference and retrieval for all parties

27  to this litigation.  Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000

28  of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to

SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET NO. ONE

1   Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent

2   Defendants' counsel should contact Plaintiff's counsel.

3   **INTERROGATORY NUMBER 2:**

4       Identify all facts evidencing YOUR allegation in ¶ 22 of YOUR COMPLAINT:

5   "*Defendant, David Revolorio and the Debtor's now former employees while still employed by*

6   *the Debtor were able to covertly pay nearly $900,000 using the Debtor's funds to pay vendors*

7   *that provided services for Defendants, Box In Motion, Elite Container, Inc., and/or Reynaga*

8   *Trucking, Inc.*"

9   **RESPONSE TO INTERROGATORY NO. 2:**

10      The Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized

11  transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

12  counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

13  counsel should contact Plaintiff's counsel.   While Defendant, David Revolorio was still

14  employed by Plaintiff, TTW, on November 3, 2020, Defendant David Revolorio requested an

15  employee of Plaintiff, TTW to "onboard documents" establishing Defendant, Elite Container

16  Solutions as an approved vendor for Plaintiff, TTW.  Thereafter, Defendant, David Revolorio's

17  fraudulently incurred charges for Elite Container that were not for the benefit of Plaintiff, TTW.

18  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related

19  documents on or before August 27, 2024 as ordered by the Court that details additional facts

20  that support Plaintiff's allegations in ¶ 22.  The incriminating emails and related documents will

21  be presented in an organized platform that will allow easy reference and retrieval for all parties

22  to this litigation

23  **INTERROGATORY NUMBER 3:**

24      Identify all facts evidencing YOUR allegation in ¶ 23 of YOUR COMPLAINT:

25  "*Defendant, David Revolorio, along with the other Defendants, while they were all employed*

26  *by the Debtor, incurred approximately $1,000,000 in vendor claims by using the Debtor's*

27  *drayage industry ID number - referred to as a SCAC (Standard Carrier Alpha Code) account*

28  *numbers that directly benefitted the Debtor's competing businesses, formed by the Debtor's*

*former employees, and Defendants herein, David Revolorio, et seq., including but without limitation Defendants, Box In Motion, Elite Container Solutions, Inc. and/or Reynaga Trucking, Inc.*"

**RESPONSE TO INTERROGATORY NO. 3:**

The Proofs of Claims filed against the Plaintiff, TTW's estate along with pre-petition creditors' claims asserted against Plaintiff, TTW were fraudulently initiated by Defendants, David Revolorio, et al. Specifically, the details of the charges noted on each Proof of Claim and/or pre-petition claims clearly show the services billed for were not for the benefit of Plaintiff, TTW. Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 23. The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.

**INTERROGATORY NUMBER 4:**

Identify all facts evidencing YOUR allegation in ¶ 24 of YOUR COMPLAINT: "*Plaintiff-Debtor, TTW is also informed that its business had a going concern value of over $4,000,000 before Principal Defendants, David Revolorio and Edgar Reynaga, along with the cooperation and participation of the Affiliate Defendants looted, embezzled and otherwise misappropriated the Debtor's assets and going concern value for Defendants, Box In Motion, Elite Container Solutions, Inc.; and/or Reynaga Trucking, Inc.*"

**RESPONSE TO INTERROGATORY NUMBER 4:**

Plaintiff, TTW's records and emails show that its largest customer, IMC, which generated $690,000 in revenue in 2021 for Plaintiff, TTW and $790,000 in revenue in 2022 for Plaintiff, TTW was fraudulently diverted from Plaintiff, TTW in 2023 to Defendants, Elite Container Solutions, Inc., et al. Plaintiff, TTW has recently retained its Valuation Expert, Kurt Stake, CPA, and as noted in his recently filed Expert Designation, Plaintiff expects to have its Valuation Report completed by October 1, 2024. Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024

1   as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 24.

2   The incriminating emails and related documents will also be presented in an organized platform

3   that will allow easy reference and retrieval for all parties to this litigation.

4   **INTERROGATORY NUMBER 5:**

5         Identify all facts evidencing YOUR allegation in ¶ 27 of YOUR COMPLAINT: "*Principal*

6   *Defendants, including David Revolorio willfully and intentionally breached their fiduciary duties*

7   *owed to Debtor by acting against the Debtor's and its creditors' interests by abusing their*

8   *positions by diverting, secreting, hiding, wasting, spending, appropriating, or subverting the*

9   *Debtor Assets to themselves and to other entities in which they held an interest, including but*

10  *not limited to Defendants, Box In Motion, Elite Container Solutions and/or Reynaga Trucking,*

11  *Inc.*"

12  **RESPONSE TO INTERROGATORY NUMBER 5:**

13        The combined effect and timing of Defendant, David Revolorio's formation of

14  Defendant, Elite Container Solutions on or about April 27, 2020, while he was still employed

15  by Plaintiff, TTW then soon thereafter making Defendant, Elite Container Solutions an

16  approved vendor, along with Defendant, David Revolorio's role as Plaintiff, TTW's head of

17  purchasing, along with Defendant, David Revolorio's discussions with Plaintiff, TTW's outside

18  counsel, Miles L. Kavaller about AB5 and legal issues not related to Plaintiff, TTW.  Yet, the

19  invoices for legal services of Miles Kavaller were unknowingly paid by Plaintiff, TTW for

20  services that did not benefit Plaintiff, TTW.  Plaintiff, TTW's records and emails show that its

21  largest customer, IMC, which generated $690,000 in revenue in 2021 for Plaintiff, TTW and

22  $790,000 in revenue in 2022 for Plaintiff, TTW was fraudulently diverted from Plaintiff, TTW in

23  2023 to Defendants, Elite Container Solutions, Inc., et al.  Plaintiff, TTW Transport, Inc. will

24  also be producing a substantial number of emails and related documents on or before August

25  27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations

26  in ¶ 27.  The incriminating emails and related documents will be presented in an organized

27  platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover,

28  the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions

with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

**INTERROGATORY NUMBER 6:**

Identify all facts evidencing YOUR allegation in ¶ 27 of YOUR COMPLAINT: "*Principal Defendants breached their fiduciary duties by destroying and/or misappropriating the Debtor's computer and physical records.*"

**RESPONSE TO INTERROGATORY NUMBER 6:**

Plaintiff, TTW's Forensic Specialist, Greg Kutzbach concluded in November 14, 2023, that various of the Debtor/Plaintiff, TTW's records were destroyed by Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 27.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.

**INTERROGATORY NUMBER 7:**

Identify all facts evidencing YOUR allegation in ¶ 29 of YOUR COMPLAINT: "*Principal Defendants, including but not limited to David Revolorio was committed maliciously, fraudulently, oppressively, and in bad faith.*"

**RESPONSE TO INTERROGATORY NUMBER 7:**

Plaintiff, TTW has detailed the factual allegations about Defendant, David Revolorio's fraud to fraudulently embezzle millions of dollars from Plaintiff, TTW.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 29.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation. Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

counsel should contact Plaintiff's counsel.

**INTERROGATORY NUMBER 8:**

Identify all facts evidencing YOUR allegation in ¶ 31 of YOUR COMPLAINT: "*Plaintiff-*

*Debtor, TTW owned and had the right to possess its Assets, including the nearly $900,000*

*covertly paid by the Debtor to third party vendors, however, not for the benefit of the Debtor,*

*but rather for the benefit of some or all of the, Defendants, including but not limited to Box In*

*Motion, Elite Container Solution, Inc. and/or Reynaga Trucking, Inc*."

**RESPONSE TO INTERROGATORY NUMBER 8:**

The Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized

transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

counsel should contact Plaintiff's counsel.  Plaintiff, TTW Transport, Inc. will also be producing

a substantial number of emails and related documents on or before August 27, 2024 as ordered

by the Court that details additional facts that support Plaintiff's allegations in ¶ 31.   The

incriminating emails and related documents will be presented in an organized platform that will

allow easy reference and retrieval for all parties to this litigation.

**INTERROGATORY NUMBER 9:**

Identify all facts evidencing YOUR allegation in ¶ 32 of YOUR COMPLAINT:

"*Defendants and each of them, intentionally and substantially interfered with the Debtor*

*Assets and took those assets for themselves for their own benefit, making them unavailable*

*to the Debtor's creditors as set forth above.*"

**RESPONSE TO INTERROGATORY NUMBER 9:**

Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

$900,000 in monies unknowingly paid by Plaintiff, TTW to TRAC and Direct ChassisLink were

not for the benefit of Plaintiff, TTW but for Defendants, David Revolorio, et al.; ii) the emails

that show Plaintiff's largest customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff,

TTW, and $790,000 of revenue with Plaintiff, TTW in 2022, but dropped to $8,700 in 2023

1   based on Defendants, David Revolorio, et al. diverting this line of work to Defendants, Elite

2   Container Solutions and/or Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted

3   against the Debtor/Plaintiff, TTW including but not limitation the proofs of claims filed in the

4   Debtor/Plaintiff's bankruptcy case that were not for the benefit of Plaintiff, TTW; and vi) the

5   nearly $2,000,000 to $4,000,000 fair market value in going concern of Plaintiff, TTW that was

6   fraudulently embezzled by Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc.

7   will also be producing a substantial number of emails and related documents on or before

8   August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's

9   allegations in ¶ 32.  The incriminating emails and related documents will be presented in an

10  organized platform that will allow easy reference and retrieval for all parties to this litigation.

11  Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized

12  transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

13  counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

14  counsel should contact Plaintiff's counsel.

15  **INTERROGATORY NUMBER 10:**

16      Identify all facts evidencing YOUR allegation in ¶ 36 of YOUR COMPLAINT:

17  "*Defendants, and each of them, received the Debtor Assets that were intended to be used for*

18   *the benefit of the Debtor and its creditors.*"

19  **RESPONSE TO INTERROGATORY NUMBER 10:**

20      Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

21  $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

22  TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

23  customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

24  revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

25  Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

26  Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

27  TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

28  case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET NO. ONE

1    fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

2    Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a

3    substantial number of emails and related documents on or before August 27, 2024 as ordered

4    by the Court that details additional facts that support Plaintiff's allegations in ¶ 36.  The

5    incriminating emails and related documents will be presented in an organized platform that will

6    allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel

7    spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with

8    TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about

9    June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact

10    Plaintiff's counsel.

11    **INTERROGATORY NUMBER 11:**

12      Identify all facts evidencing YOUR allegation in ¶ 41 of YOUR COMPLAINT:

13    "*Defendants, and each of them, received a tangible economic benefit through the transfers of*

14    *the Debtor Assets to themselves as set forth above and such additional transfers as shall be*

15    *discovered and proven, and Defendants' retention of the Transfers or the value of the*

16    *Transfers results in unjust retention of said benefit at the Estate's expense.*"

17    **RESPONSE TO INTERROGATORY NUMBER 11:**

18      Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

19    $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

20    TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

21    customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

22    revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

23    Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

24    Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

25    TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

26    case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

27    fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

28    Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a

1  substantial number of emails and related documents on or before August 27, 2024 as ordered

2  by the Court that details additional facts that support Plaintiff's allegations in ¶ 41.   The

3  incriminating emails and related documents will be presented in an organized platform that will

4  allow easy reference and retrieval for all parties to this litigation.   Moreover, the Excel

5  spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with

6  TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about

7  June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact

8  Plaintiff's counsel.

9  **INTERROGATORY NUMBER 12:**

10  Identify all facts evidencing YOUR allegation in ¶ 45 of YOUR COMPLAINT:

11  "*Defendants are wrongfully in possession, custody, and control of the Debtor Assets in the*

12  *form of funds, records, documents, files, electronic data, including but without limitation*

13  *$900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor,*

14  *that should have been paid to or belong to Plaintiff-Debtor, TTW, and Defendants do not have*

15  *Plaintiff-Debtor, TTW's consent to be in possession of the Debtor Assets.*"

16  **RESPONSE TO INTERROGATORY NUMBER 12:**

17  Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

18  $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

19  TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

20  customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

21  revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

22  Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

23  Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

24  TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

25  case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

26  fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

27  Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a

28  substantial number of emails and related documents on or before August 27, 2024 as ordered

**SUPPLEMENTAL RESPONSE TO INTERROGATORIES SET NO. ONE**

by the Court that details additional facts that support Plaintiff's allegations in ¶ 45.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

**INTERROGATORY NUMBER 13:**

Identify all facts evidencing YOUR allegation in ¶ 50 of YOUR COMPLAINT: "*the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of them, were made within the relevant period of time prior to the Petition Date.*"

**RESPONSE TO INTERROGATORY NUMBER 13:**

Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff, TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff, TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000 fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 50.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel

spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

**INTERROGATORY NUMBER 14:**

Identify all facts evidencing YOUR allegation in ¶ 51 of YOUR COMPLAINT: "*the transfers of the Debtor Assets to Defendants, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, and each of them, were made either in anticipation of bankruptcy and/or to prevent the Plaintiff-Debtor, TTW from paying its debts.*"

**RESPONSE TO INTERROGATORY NUMBER 14:**

Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff, TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff, TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000 fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 51.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about

1   June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact

2   Plaintiff's counsel.

3   **INTERROGATORY NUMBER 15:**

4       Identify all facts evidencing YOUR allegation in ¶ 53 of YOUR COMPLAINT: "*the*

5   *transfers of the Debtor Assets, including but without limitation $900,000 paid to third party*

6   *vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of*

7   *them, were made with the actual intent to hinder, delay, or defraud creditors.*"

8   **RESPONSE TO INTERROGATORY NUMBER 15:**

9       Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

10   $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

11   TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

12   customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

13   revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

14   Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

15   Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

16   TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

17   case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

18   fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

19   Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a

20   substantial number of emails and related documents on or before August 27, 2024 as ordered

21   by the Court that details additional facts that support Plaintiff's allegations in ¶ 53.  The

22   incriminating emails and related documents will be presented in an organized platform that will

23   allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel

24   spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with

25   TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about

26   June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact

27   Plaintiff's counsel.

28   *///*

1    **INTERROGATORY NUMBER 16:**

2        Identify all facts evidencing YOUR allegation in ¶ 57 of YOUR COMPLAINT: "*the*

3    *transfers of the Debtor Assets, including but without limitation $900,000 paid to third party*

4    *vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each*

5    *of them, were made: (i) for less than reasonably equivalent value to Plaintiff-Debtor, TTW or*

6    *any value, in exchange for said transfers; (ii) while the Plaintiff-Debtor, TTW was engaged or*

7    *about to engage in a business or transaction for which the remaining assets were*

8    *unreasonably small in relation to the business or the transaction; (iii) while the Plaintiff-Debtor,*

9    *TTW intended to incur; or believed or reasonably should have believed it would incur, debts*

10    *beyond its ability to pay them as they became due; and/or (iv) by the time that the Plaintiff-*

11    *Debtor, TTW was insolvent and/or was rendered insolvent by virtue of the transfers*."

12    **RESPONSE TO INTERROGATORY NUMBER 16:**

13        Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

14    $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

15    TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

16    customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

17    revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

18    Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

19    Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

20    TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

21    case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

22    fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

23    Defendants, David Revolorio, et al. Plaintiff, TTW recently retained its Forensic

24    Account/Valuation Expert, Kurt Stake, CPA and his Expert Report is expected to be completed

25    on or about October 1, 2024, which will add additional facts supporting Plaintiff, TTW's claims.

26        Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and

27    related documents on or before August 27, 2024 as ordered by the Court that details additional

28    facts that support Plaintiff's allegations in ¶ 57.   The incriminating emails and related

1    documents will be presented in an organized platform that will allow easy reference and

2    retrieval for all parties to this litigation.    Moreover, the Excel spreadsheets detailing the

3    Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct

4    ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants

5    need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

6    **INTERROGATORY NUMBER 17:**

7          Identify all facts evidencing YOUR allegation in ¶ 61 of YOUR COMPLAINT:

8    "*Defendants, and each of them, engaged in theft of the Debtor Assets, including but without*

9    *limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of*

10    *the Debtor, in violation of California Penal Code Section 496(a), which states, "Every person*

11    *who buys or receives property that has been stolen or that has obtained in any manner*

12    *constituting theft or extortion, knowing the property to be so stolen or obtained, or who*

13    *conceals, sells, withholds, or aids in concealing, selling or withholding any property from the*

14    *owner, knowing the property to be so stolen of obtained, shall be punished by imprisonment*

15    *in a county jail not exceeding one year*."

16    **RESPONSE TO INTERROGATORY NUMBER 17:**

17          Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

18    $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

19    TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

20    customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

21    revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

22    Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

23    Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

24    TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

25    case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

26    fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

27    Defendants, David Revolorio, et al.    Plaintiff, TTW recently retained its Forensic

28

1  Account/Valuation Expert, Kurt Stake, CPA and his Expert Report is expected to be completed

2  on or about October 1, 2024, which will add additional facts supporting Plaintiff, TTW's claims.

3      Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and

4  related documents on or before August 27, 2024 as ordered by the Court that details additional

5  facts that support Plaintiff's allegations in ¶ 61.  The incriminating emails and related

6  documents will be presented in an organized platform that will allow easy reference and

7  retrieval for all parties to this litigation.  Moreover, the Excel spreadsheets detailing the

8  Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct

9  ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants

10 need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

11 **INTERROGATORY NUMBER 18:**

12      Identify all facts evidencing YOUR allegation in ¶ 62 of YOUR COMPLAINT: "*each*

13 *Defendant has been advised that they have received Plaintiff-Debtor, TTW's stolen property*

14 *or property that has been obtained in a manner constituting theft; nevertheless, each*

15 *Defendant continues to withhold the stolen funds or property from Plaintiff-Debtor, TTW in*

16 *violation of California Penal Code Section 496(a)*".

17 **RESPONSE TO INTERROGATORY NUMBER 18:**

18      Plaintiff, TTW's answers to the Interrogatories herein that show the following:  i) the

19 $900,000 in monies paid to TRAC and Direct ChassisLink were not for the benefit of Plaintiff,

20 TTW but for Defendants, David Revolorio, et al.; ii) the emails that show Plaintiff's largest

21 customer, IMC, who in 2021 did $690,000 of revenue with Plaintiff, TTW, and $790,000 of

22 revenue with TTW in 2022, but dropped to $8,700 in 2023 based on Defendants, David

23 Revolorio, et al. diverting this line of work to Defendants, Elite Container Solutions and/or

24 Reynaga Trucking; iii) the $1,000,000 of creditors' claims asserted against the Debtor/Plaintiff,

25 TTW including but not limitation the proofs of claims filed in the Debtor/Plaintiff's bankruptcy

26 case that were not for the benefit of Plaintiff, TTW; and vi) the nearly $2,000,000 to $4,000,000

27 fair market value in going concern of Plaintiff, TTW that was fraudulently embezzled by

28 Defendants, David Revolorio, et al. Plaintiff, TTW recently retained its Forensic

Account/Valuation Expert, Kurt Stake, CPA and his Expert Report is expected to be completed on or about October 1, 2024, which will add additional facts supporting Plaintiff, TTW's claims.

Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 62.   The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.   Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

**DATED:  August 21, 2024**                    **POLIS & ASSOCIATES, APLC**

**By:  /s/ Thomas J. Polis**
        **Thomas J. Polis, Esq.**
        **Counsel for Plaintiff, TTW Transport, Inc.**

# PROOF OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of 18 years and not a party to the within action; my business address is 19800 MacArthur Blvd, Suite 1000, Irvine, California.

On August 21, 2024, I served a true copy of the following document(s), described as **PLAINTIFF, TTW TRANSPORT, INC. SUPPLEMENTAL RESPONSE TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, INC., EDGAR I. REYNAGA, AND REYNAGA TRUCKING, INC.'S FIRST SET OF INTERROGATORIES** in a sealed envelope addressed as follows:

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Blvd., Suite 940
Los Angeles, CA 90010
Email: baruchcohen@baruchcohenesq.com

X   BY U.S. MAIL: I sealed and placed such envelope for collection and mailing to be deposited on the same day at Irvine, California.  The envelopes were mailed with postage thereon fully prepaid.  I am readily familiar with Polis & Associates' practice of collection and processing correspondence for mailing.  Under this practice, documents are deposited with the U.S. Postal Service on the same day that is stated in this proof of services, with postage fully prepaid at Irvine, California in the ordinary course of business.

X   BY EMAIL OR ELECTRONIC TRANSMISSION:  I caused a copy of the document(s) to be sent from e-mail address paralegal@polis-law.com to the persons at the e-mail addresses listed above. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___   BY OVERNIGHT SERVICE: I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Irvine, California and delivered to the parties as listed on this Proof of Service the following business morning.

___   BY FACSIMILE SERVICE:  I caused the above-mentioned documents to be transmitted via facsimile to the parties as listed on this Proof of Service.

___   BY PERSONAL SERVICE:  I caused such envelope to be delivered by messenger to the office or home of the addressee(s).

___   STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X   FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 21, 2024, at Irvine, California.

_____/s/  Cristina L. Allen_____
Cristina L. Allen

Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
Email: tom@polis-law.com

Counsel for Plaintiff, TTW Transport, Inc.

### UNITED STATES BANKRUPTCY COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| **In re** | **Case No. 8:24-bk-10559-SC** |
| **TTW Transport, Inc.,** | **Chapter 11** |
| **Debtor/Debtor-in-Possession.** | **Adv.Proc.No.: 8:24-ap-01074-SC** |
| **TTW Transport, Inc.,** | **PLAINTIFF TTW TRANSPORT, INC.'S SUPPLEMENTAL RESPONSE TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, INC., EDGAR I. REYNAGA, AND REYNAGA TRUCKING, INC.'S SECOND SET OF INTERROGATORIES** |
| **Plaintiff,** | |
| **v.** | |
| **David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.;  Elite Container Solutions, Inc., a California corporation;  Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual;  and  Max  Piwdee,  an individual,** | |
| **Defendants.** | |

**PROPOUNDING PARTY:    Defendants, David Revolorio, Elite Container Solutions, Inc,**

**Edgar I. Reynaga, Reynaga Trucking, Inc.**

**RESPONDING PARTY:      Plaintiff, TTW Transport, Inc.**

**SET NO.:                   Second**

1

## INTRODUCTORY STATEMENT

2        Each of the referenced responses contained herein is made solely for the purposes of

3 this action. Each response is subject to all objections as to competence, relevance, materiality,

4 propriety, and admissibility, all of which objections and grounds are reserved and may be

5 interposed at the time of trial. Plaintiff, TTW Transport, Inc. ("Plaintiff" or "Responding Party"),

6 reserves the right to make changes to these responses if it appears that omissions or errors

7 have been made herein or that further or more accurate information becomes available. No

8 incidental or implied admission is intended herein. The fact that Plaintiff has responded to all

9 or any part of the Interrogatory is not intended and shall not be construed to be a waiver by

10 this response of Plaintiff of all or any part of the objections to the Interrogatory.

11        Because the responses contained herein are based only upon such information and

12 documents which are presently available to or specifically known to the Responding Party, the

13 responses herein are those which presently occur to the Responding Party. Moreover, the

14 responses herein are expressly responding to facts presently known to Plaintiff, and such

15 responses shall not constitute an admission as to the knowledge of Plaintiff; such present

16 knowledge may have been learned by Plaintiff as a result of documents provided in this

17 litigation or independent research obtained by Plaintiff, at or about the time the above-

18 captioned litigation was commenced. It is anticipated that further discovery will supply

19 additional facts and meaning to known facts, as well as establish entirely new factual

20 conclusions and legal contentions, all of which may lead to substantial additions to, changes

21 in, and variations from the responses set forth herein. The following responses are given

22 without prejudice to the right of Plaintiff to produce evidence of any subsequently discovered

23 fact or document which this Responding Party may later discover. Accordingly, Plaintiff

24 specifically reserves the right to (but does not obligate itself to) supplement any and all

25 responses herein as additional facts are ascertained, analyses are made, legal research is

26 completed, and contentions are investigated.

27 ///

28 ///

This **INTRODUCTORY STATEMENT** shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in each of the responses appearing in the following pages. The Responding Party objects to each Interrogatory in that each Interrogatory is compound, conjunctive and disjunctive, and therefore violates governing code provisions. Without waiving said objections, and subject thereto, this Responding Party states as follows:

### PLAINTIFF, TTW TRANSPORT, INC.'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES SET NO. TWO

### INTERROGATORY NO. 1:

Identify all facts in the TRAC CHARGES evidencing YOUR allegation in ¶ 21 of YOUR COMPLAINT: "*Defendant, David Revolorio and a group of his subordinates all Defendants herein, who were also former employees of the Plaintiff-Debtor, TTW, all created a competing business while still employed by the Debtor.*"

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff, TTW believes it is undisputed that on or about April 27, 2020, which Defendant, David Revolorio was employed by TTW that Articles of Incorporation was filed by Defendant, David Revolorio for his wholly owned entity Defendant, Elite Container Solutions, Inc.  Plaintiff, TTW believes it is likewise undisputed that on or about November 1, 2020 a W9 for Defendant, Elite Container Solutions was issued.  Further, Plaintiff's primary customer, IMC, provided the Plaintiff $690,000 of total revenue in 2021 and $790,000 total revenue in 2022, yet in 2023 IMC provided Plaintiff, TTW $8,700 of revenue, all as a direct result of Defendants, David Revolorio, et al.'s fraudulent diversion of Plaintiff, TTW's business to Defendants, Elite Container Solutions, Reynaga Trucking, et al.  Finally, it is also undisputed that on or about November 3, 2020, that Defendant David Revolorio sent an email to an Elite Container Solutions, Inc's employee to "onboard documents" to qualify Defendant, Elite Container Solutions as a qualified vendor for Plaintiff, TTW.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 21.

The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover, the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.

**INTERROGATORY NUMBER 2:**

Identify all facts in the DCLI CHARGES evidencing YOUR allegation in ¶ 21 of YOUR COMPLAINT: "*Defendant, David Revolorio and a group of his subordinates all Defendants herein, who were also former employees of the Plaintiff-Debtor, TTW, all created a competing business while still employed by the Debtor.*"

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff, TTW believes it is undisputed that on or about April 27, 2020, which Defendant, David Revolorio was employed by TTW that Articles of Incorporation was filed by Defendant, David Revolorio for his wholly owned entity Defendant, Elite Container Solutions, Inc.  Plaintiff, TTW believes it is likewise undisputed that on or about November 1, 2020 a W9 for Defendant, Elite Container Solutions was issued.  Further, Plaintiff's primary customer, IMC, provided the Plaintiff $690,000 of total revenue in 2021 and $790,000 total revenue in 2022, yet in 2023 IMC provided Plaintiff, TTW $8,700 of revenue, all as a direct result of Defendants, David Revolorio, et al.'s fraudulent diversion of Plaintiff, TTW's business to Defendants, Elite Container Solutions, Reynaga Trucking, et al.  Finally, it is also undisputed that on or about November 3, 2020, that Defendant David Revolorio sent an email to an Elite Container Solutions, Inc's employee to "onboard documents" to qualify Defendant, Elite Container Solutions as a qualified vendor for Plaintiff, TTW.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 21.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Moreover,

1     the Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized

2     transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

3     counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

4     counsel should contact Plaintiff's counsel.

5     **INTERROGATORY NUMBER 3:**

6           Identify all facts in the TRAC CHARGES evidencing YOUR allegation in ¶ 22 of YOUR

7     COMPLAINT: "*Defendant, David Revolorio and the Debtor's now former employees while still*

8     *employed by the Debtor were able to covertly pay nearly $900,000 using the Debtor's funds*

9     *to pay vendors that provided services for Defendants, Box In Motion, Elite Container, Inc.,*

10    *and/or Reynaga Trucking, Inc.*"

11    **RESPONSE TO INTERROGATORY NO. 3:**

12          The Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized

13    transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

14    counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants'

15    counsel should contact Plaintiff's counsel.  Plaintiff, TTW Transport, Inc. will also be producing

16    a substantial number of emails and related documents on or before August 27, 2024 as

17    ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 22.

18    The incriminating emails and related documents will be presented in an organized platform

19    that will allow easy reference and retrieval for all parties to this litigation.

20    **INTERROGATORY NUMBER 4:**

21          Identify all facts in the DCLI CHARGES evidencing YOUR allegation in ¶ 22 of YOUR

22    COMPLAINT: "*Defendant, David Revolorio and the Debtor's now former employees while still*

23    *employed by the Debtor were able to covertly pay nearly $900,000 using the Debtor's funds*

24    *to pay vendors that provided services for Defendants, Box In Motion, Elite Container, Inc.,*

25    *and/or Reynaga Trucking, Inc.*"

26    **RESPONSE TO INTERROGATORY NUMBER 4:**

27          The Excel spreadsheets detailing the Defendants' nearly $900,000 unauthorized

28    transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants'

counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 22. The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.

**INTERROGATORY NUMBER 5:**

Identify all facts in the TRAC CHARGES evidencing YOUR allegation in ¶ 23 of YOUR COMPLAINT: "*Defendant, David Revolorio, along with the other Defendants, while they were all employed by the Debtor, incurred approximately $1,000,000 in vendor claims by using the Debtor's drayage industry ID number - referred to as a SCAC (Standard Carrier Alpha Code) account numbers that directly benefitted the Debtor's competing businesses, formed by the Debtor's former employees, and Defendants herein, David Revolorio, et seq., including but without limitation Defendants, Box In Motion, Elite Container Solutions, Inc. and/or Reynaga Trucking, Inc.*"

**RESPONSE TO INTERROGATORY NUMBER 5:**

Plaintiff, TTW believes the nearly $1,000,000 in pre-petition claims asserted against Plaintiff, TTW are by creditors/vendors who did not provide any goods or services to Plaintiff, TTW.  Moreover, some of these claims are included with the nearly $600,000 of unsecured claims asserted in Debtor/Plaintiff, TTW's Claims Docket in this bankruptcy case.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 23.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.

**INTERROGATORY NUMBER 6:**

Identify all facts in the DCLI CHARGES evidencing YOUR allegation in ¶ 24 of YOUR COMPLAINT: "*Plaintiff-Debtor, TTW is also informed that its business had a going concern*

*value of over $4,000,000 before Principal Defendants, David Revolorio and Edgar Reynaga,*

*along with the cooperation and participation of the Affiliate Defendants looted, embezzled and*

*otherwise misappropriated the Debtor's assets and going concern value for Defendants, Box*

*In Motion, Elite Container Solutions, Inc.; and/or Reynaga Trucking, Inc.*"

**RESPONSE TO INTERROGATORY NUMBER 6:**

Plaintiff, TTW recently retained its Forensic Accountant/Valuation Expert, Kurt Stake, CPA and it is anticipated on or before October 1, 2024, Mr. Stake will have completed his Valuation Report to corroborate Plaintiff, TTW's valuation of its assets fraudulently transferred and/or embezzled by Defendants, David Revolorio, et al.  Plaintiff, TTW Transport, Inc. will also be producing a substantial number of emails and related documents on or before August 27, 2024 as ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 24.  The incriminating emails and related documents will be presented in an organized platform that will allow easy reference and retrieval for all parties to this litigation.  Further, Plaintiff's primary customer, IMC, provided the Plaintiff $690,000 of total revenue in 2021 and $790,000 total revenue in 2022, yet in 2023 IMC provided Plaintiff TTW $8,700 of revenue, all as a direct result of Defendants, David Revolorio, et al.'s fraudulent diversion of Plaintiff, TTW's business to Defendants, Elite Container Solutions, Reynaga Trucking, et al.

**INTERROGATORY NUMBER 7:**

Identify all facts in the TRAC CHARGES evidencing YOUR allegation in ¶ 31 of YOUR COMPLAINT: "*Plaintiff-Debtor, TTW owned and had the right to possess its Assets, including the nearly $900,000 covertly paid by the Debtor to third party vendors, however, not for the benefit of the Debtor, but rather for the benefit of some or all of the, Defendants, including but not limited to Box In Motion, Elite Container Solution, Inc. and/or Reynaga Trucking, Inc.*"

**RESPONSE TO INTERROGATORY NUMBER 7:**

The Excel spreadsheets detailing the Defendants' nearly $900,000 of unauthorized transactions with TRAC Intermodal and Direct ChassisLink were provided to Defendants' counsel on or about June 24, 2024.  If Defendants need the Dropbox link resent Defendants' counsel should contact Plaintiff's counsel.  Plaintiff, TTW Transport, Inc. will also be producing

1   a substantial number of emails and related documents on or before August 27, 2024 as

2   ordered by the Court that details additional facts that support Plaintiff's allegations in ¶ 31.

3   The incriminating emails and related documents will be presented in an organized platform

4   that will allow easy reference and retrieval for all parties to this litigation.

5   **INTERROGATORY NUMBER 8:**

6       Identify all facts in the DCLI CHARGES evidencing YOUR allegation in ¶ 31 of YOUR

7   COMPLAINT: "*Plaintiff-Debtor, TTW owned and had the right to possess its Assets, including*

8   *the nearly $900,000 covertly paid by the Debtor to third party vendors, however, not for the*

9   *benefit of the Debtor, but rather for the benefit of some or all of the, Defendants, including but*

10  *not limited to Box In Motion, Elite Container Solution, Inc. and/or Reynaga Trucking, Inc*."

11  **RESPONSE TO INTERROGATORY NUMBER 8:**

12      This Interrogatory when included with Defendants' First Set of Interrogatories exceeds

13  the allowed number of Interrogatories under Local Bankruptcy Rule 7026-3(b), thus Plaintiff,

14  TTW Transport will not answer this Interrogatory without further order of the Court.

15  **INTERROGATORY NUMBER 9:**

16      Identify all facts in the TRAC CHARGES evidencing YOUR allegation in ¶ 50 of YOUR

17  COMPLAINT: "*the transfers of the Debtor Assets, including but without limitation $900,000*

18  *paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to*

19  *Defendants, and each of them, were made within the relevant period of time prior to the*

20  *Petition Date.*"

21  **RESPONSE TO INTERROGATORY NUMBER 9:**

22      This Interrogatory when included with Defendants' First Set of Interrogatories exceeds

23  the allowed number of Interrogatories under Local Bankruptcy Rule 7026-3(b), thus Plaintiff,

24  TTW Transport will not answer this Interrogatory without further order of the Court.

25  **INTERROGATORY NUMBER 10:**

26      Identify all facts in the DCLI CHARGES evidencing YOUR allegation in ¶ 50 of YOUR

27  COMPLAINT: "*the transfers of the Debtor Assets, including but without limitation $900,000*

28  *paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to*

1 | *Defendants, and each of them, were made within the relevant period of time prior to the*

2 | *Petition Date.*"

3 | **RESPONSE TO INTERROGATORY NUMBER 10:**

4 |         This Interrogatory when included with Defendants' First Set of Interrogatories exceeds

5 | the allowed number of Interrogatories under Local Bankruptcy Rule 7026-3(b), thus Plaintiff,

6 | TTW Transport will not answer this Interrogatory without further order of the Court.

8 | **DATED:  August 21, 2024**                    **POLIS & ASSOCIATES, APLC**

10 |                                         **By:   /s/ Thomas J. Polis                          **
          **Thomas J. Polis, Esq.**
11 |               **Counsel for Plaintiff, TTW Transport, Inc.**

# PROOF OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of 18 years and not a party to the within action; my business address is 19800 MacArthur Blvd, Suite 1000, Irvine, California.

On August 21, 2024, I served a true copy of the following document(s), described as **PLAINTIFF, TTW TRANSPORT, INC.'s SUPPLEMENTAL RESPONE TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, INC., EDGAR I. REYNAGA, AND REYNAGA TRUCKING, INC.'S SECOND SET OF INTERROGATORIES** in a sealed envelope addressed as follows:

> Baruch C. Cohen, Esq.
> Law Office of Baruch C. Cohen, APLC
> 4929 Wilshire Blvd., Sute 940
> Los Angeles, CA 90010
> Email:  baruchcohen@baruchcohenesq.com

 X    BY U.S. MAIL: I sealed and placed such envelope for collection and mailing to be deposited on the same day at Irvine, California.  The envelopes were mailed with postage thereon fully prepaid.  I am readily familiar with Polis & Associates' practice of collection and processing correspondence for mailing.  Under this practice, documents are deposited with the U.S. Postal Service on the same day that is stated in this proof of services, with postage fully prepaid at Irvine, California in the ordinary course of business.

 X    BY EMAIL OR ELECTRONIC TRANSMISSION:  I caused a copy of the document(s) to be sent from e-mail address paralegal@polis-law.com to the persons at the e-mail addresses listed above. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

____    BY OVERNIGHT SERVICE: I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Irvine, California and delivered to the parties as listed on this Proof of Service the following business morning.

____    BY FACSIMILE SERVICE:  I caused the above-mentioned documents to be transmitted via facsimile to the parties as listed on this Proof of Service.

____    BY PERSONAL SERVICE:  I caused such envelope to be delivered by messenger to the office or home of the addressee(s).

____    STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 X    FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 21, 2024, at Irvine, California.

                                                    /s/  Cristina L.Allen
                                                    Cristina L. Allen